UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NALENE RUFFIN, *et al.*,

Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,

Defendants.

Civil Action No. 22-2341 (JEB)

## MEMORANDUM OPINION AND ORDER

Plaintiffs Nalene Ruffin, Irene Jordan, Demetria Harris, and Darlene Mungin are all current or former employees of the District of Columbia Department of Public Works. Together, they brought a litany of claims against the District, alleging discrimination by their employer on the basis of race, age, and sex. In March, this Court issued an Opinion largely granting the District's Motion to Dismiss their suit but allowing Plaintiffs to proceed on their 42 U.S.C. § 1981 claim and one other cause of action. See Ruffin v. District of Columbia, No. 22-2341, 2023 WL 2562429, at *6 (D.D.C. Mar. 17, 2023). The District now moves for reconsideration of that Opinion as to the § 1981 claim only, arguing that the Court inappropriately relied on Plaintiffs' allegations of sex and age discrimination in finding that they had adequately pled a theory of municipal liability. Because § 1981 prohibits only racial discrimination, the Court agrees and will grant the Motion.

I.  **Legal Standard**

Federal Rule of Civil Procedure 54(b) provides that interlocutory decisions may be "revised at any time before the entry of a judgment adjudicating all the claims" in the action. Reconsideration of such decisions is "available under the standard 'as justice requires,'" which

1

affords courts wide latitude and substantial discretion. Mahoney v. U.S. Capitol Police Bd., 566 F. Supp. 3d 22, 25 (D.D.C. 2022) (citation and internal quotations omitted); see also Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C. Cir. 2011). The court's task, essentially, is to determine "whether [relief upon] reconsideration is necessary under the relevant circumstances." Lewis v. Dist. of Columbia, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (quoting Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004)). Amorphous as that standard may seem, it is grounded in concrete considerations and "hardly [offers] a free pass." Mahoney, 566 F. Supp. 3d at 25; Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (noting that "as justice requires" standard entails considerations such as whether court "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court").

**II.     Analysis**

"Section 1981 'protects the equal right of all persons within the jurisdiction of the United States to make and enforce contracts,' including contracts for employment, 'without respect for race.'" Dickerson v. District of Columbia, No. 09-2213, 2022 WL 656172, at *7 (D.D.C. Mar. 3, 2022) (quoting Hamilton v. District of Columbia, 852 F. Supp. 2d 139, 146 (D.D.C. 2012)) (emphasis added). "Section 1981, however, 'does not itself provide an independent remedy against state actors.'" Id. (quoting Olatunji v. District of Columbia, 958 F. Supp. 2d 27, 32 (D.D.C. 2013)). Instead, section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Jett v. Dallas Indep. School Dist., 491 U.S. 701, 735 (1989). To bring a claim under section 1983, "a

plaintiff must meet the requirements for municipal liability set forth in Monell v. Dep't of Soc. Servs. of N.Y." Dickerson, 2022 WL 656172, at *7 (citing 436 U.S. 658, 691 (1978)).

In evaluating whether Plaintiffs had adequately pled a theory of Monell liability with respect to the § 1981 violation, this Court in its Opinion explained that "[a]lthough the issue is a close one, Plaintiffs appear to narrowly make it over the bar at this stage." Ruffin, 2023 WL 2562429, at *6. In reaching that decision, the Court cited Plaintiffs' allegations about the "male-dominated culture at DPW," id. at *5, and found "particularly egregious" "the accumulation of Plaintiff Harris's reports of sexual harassment from a male employee and her repeated receipt of sexually explicit material on her work email and phone." Id. at *6. Because the underlying violation for which Plaintiffs assert Monell liability is a violation of § 1981, however, their allegations of sex and age discrimination should play no role in determining whether they adequately pled a factual basis for liability.

Setting aside Plaintiffs' sex- and age-based discrimination allegations, what remains is insufficient to support the theory that the District maintained a policy, custom, or practice that deprived Plaintiffs of their right to make and enforce contracts because of their race. Although the Amended Complaint makes several references to race, see, e.g., ECF No. 9-1 (Amend. Compl.), ¶¶ 5.3.3, 6.3.3, 7.3.3, 8.3.3, the primary thrust of Plaintiffs' allegations concerned sex and age discrimination. See, e.g., id., ¶¶ 2.1.36, 5.3.4 ("[T]he hostile work environment and retaliation [Plaintiffs] endured in DPW were endemic of age and gender discrimination in violation of 42 U.S.C. § 1981."). The remaining race-based allegations are purely conclusory and cannot support a theory of Monell liability. See, e.g., id., ¶ 5.3.3 (alleging without support "open hostility to older Black female employees"); Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S. Ct. 1009, 1019 (2020) (holding that in successful § 1981 claim "plaintiff

3

must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right").

The Court will therefore dismiss Count III in its entirety. All that remains now is Count IV (as to Plaintiff Harris only).

### III. Conclusion

For the reasons stated above, the Court ORDERS that:

1. Defendant's Motion for Reconsideration is GRANTED;

2. Count III is DISMISSED WITHOUT PREJUDICE as to all Plaintiffs; and

3. Defendant shall file an Amended Answer based on what remains in the case by June 30, 2023.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: June 16, 2023