UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NALENE RUFFIN, *et al.*,

    Plaintiffs,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 22-2341 (JEB)

## MEMORANDUM OPINION

Plaintiffs Nalene Ruffin, Irene Jordan, Darlene Mungin, and Demetria Harris are all current or former employees of the D.C. Department of Public Works. Together, they filed this lawsuit against the District, Mayor Muriel Bowser, and Michael Carter (Interim Agency Director of DPW), alleging employment discrimination. The Court has since dismissed all counts and all Plaintiffs except for an age-discrimination claim lodged by Harris. See Ruffin v. District of Columbia, 662 F. Supp. 3d 1 (D.D.C. 2023); Ruffin v. District of Columbia, 2023 WL 10553598 (D.D.C. 2023).

As the case proceeded to discovery, requests were sent to Plaintiff in January 2024. See ECF No. 36 (MTD) at 3. When those requests went unanswered, the parties successfully extended the overall discovery deadline from April to September. See Minute Order of Apr. 18, 2024; Minute Order of June 13, 2024; Minute Order of July 22, 2024. After Harris still did not respond, however, the Court ordered her to produce certain responses and documents by August 9 or face sanctions. See Minute Order of Aug. 2, 2024. Plaintiff then ignored that deadline, so the Court limited the evidence she could introduce at trial and permitted Defendants to move for dismissal if she did not comply by September 12. See ECF No. 35 (Order of Aug. 29, 2024).

1

Harris once again remained silent, and on September 13, the District moved to dismiss this case. See MTD at 1. One week later, Plaintiff filed a Motion for Reconsideration — asking the Court to revisit its evidentiary sanction — which was denied. See ECF No. 42 (Order of Nov. 20, 2024). The Court now grants Defendants' Motion to Dismiss.

## I.     Legal Standard

Under Federal Rule of Civil Procedure 37, "the district court has broad discretion to impose sanctions for discovery violations." Bonds v. District of Columbia, 93 F.3d 801, 807 (D.C. Cir. 1996). If a party fails to obey an order to provide discovery, the court where the action is pending may "(i) direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) strik[e] pleadings in whole or in part; (iv) stay[] further proceedings until the order is obeyed; (v) dismiss[] the action or proceeding in whole or in part; (vi) render[] a default judgment against the disobedient party; or (vii) treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A).

## II.    Analysis

Defendants contend that the case should be dismissed because Harris has still failed to serve full responses to written discovery requests despite being given numerous extensions of the deadline and has insufficiently explained her noncompliance. See MTD at 3.

Plaintiff responds that dismissal requires "clear and convincing evidence of deliberate misconduct," which has not occurred; as a result, it is unwarranted here. See ECF No. 43 (Opp.) at 2–3 (citing Webb v. District of Columbia, 146 F.3d 964, 971 (D.C. Cir. 1998)). This

interpretation of Webb, however, has already been debunked by the Court. See Order of Nov. 20, 2024, at 3; ECF No. 44 (Reply) at 2–3. That case instead holds that less severe sanctions, as have already been imposed in this case, should be given prior to dismissal. See Webb, 146 F.3d 964.

Seeking to keep the suit alive, Plaintiff asserts that her mental-health problems have impeded her ability to participate in discovery. See Opp. at 3–4. She thus likens her situation to Sheard v. Principle Business Enterprises, Inc., 201 F.R.D. 397 (D. Md. 2001); Gardner v. United States, 211 F.3d 1305 (D.C. Cir. 2000); and Trakas v. Quality Brands, Inc., 759 F.2d 185 (D.C. Cir. 1985), where, by her reading, courts rejected or reversed dismissal orders because the plaintiff's mental health — as opposed to willful misconduct — delayed discovery. See Opp. at 2–4. Defendants rightly point out, however, that Sheard does not even exist. See Reply at 3. The Court is thus quite concerned that Plaintiff's counsel has engaged artificial-intelligence services to draft her brief and then submitted it without checking the citations in the filing. It will issue a show-cause Order to investigate this serious lapse.

While Gardner and Trakas are at least real cases, their holdings are remarkably different from the point for which Plaintiff cites them. Those cases concerned neither mental-health problems nor discovery. In Gardner, our Circuit reversed the trial court's dismissal order issued after the plaintiff missed just one hearing on a motion to dismiss because of physical injuries, including those that he suffered from a house fire. See 211 F.3d at 1307–08. Meanwhile, in Trakas, the trial court dismissed the case because the plaintiff asked for a last-minute continuance of her trial after a loan fell through and she could no longer afford her travel to the courthouse. See 759 F.2d at 187. There, our Circuit similarly held that a single act of misconduct was insufficient to justify dismissal. See id. at 188. Rather than support the

3

proposition that Harris claims they do, these cases instead bolster the idea that the Court should not dismiss suits after one instance of non-compliance, which is not the situation here.

Plaintiff next unpersuasively contends that the Court is mandated by the Americans with Disabilities Act to provide her with accommodations to enable her to comply with discovery. See Opp. at 4–5 (citing Peterson v. Archstone Cmtys., LLC, 637 F.3d 416 (D.C. Cir. 2011)). Harris argues — instead of proving that she has a disability covered under the ADA — that people with similar mental-health issues have received such accommodations. See id. (citing Mogenhan v. Napolitano, 613 F.3d 1162, 1168 (D.C. Cir. 2010), and Verges v. Shelby Cnty. Sheriff's Off., 2015 WL 3953055, at *2 (W.D. Tenn. June 29, 2015)). Putting aside that a modified discovery schedule like the one that she requests has already been granted to no avail, see id. at 5, Peterson does not even mention the words "disability" or "accommodations." See 637 F.3d 416. It is instead about a plaintiff whose case was dismissed after she missed a hearing because she thought that it had been canceled. Id. at 417–18. Mogenhan and Verges at least involve disability accommodations but are similarly inapplicable, as they assess whether the plaintiffs' employers, not the courts, provided them with reasonable accommodations in the workplace. See Mogenhan, 613 F.3d 1162; Verges v. Shelby Cnty. Sheriff's Off., 721 F. Supp. 2d 730, 742 (W.D. Tenn. 2010); Reply at 3–5. Verges, moreover — the case by the same name that the Court assumes Plaintiff meant to cite — is not found under the Westlaw citation in her brief and was issued five years before her counsel claims.

In a last-ditch effort to save her case, Harris contends that in discrimination cases public policy favors providing alternative sanctions rather than ordering dismissal. See Opp. at 5–6. She states that our Circuit has held that dismissal in discrimination suits warrants "careful scrutiny." Id. Plaintiff supports this contention, however, with a citation to a district-court case

4

deciding a motion *in limine* regarding financial and video-surveillance evidence, casting further doubt on her counsel's research.  See id. (citing Mazloum v. D.C. Metro. Police Dep't, 530 F. Supp. 2d 282 (D.D.C. 2008)).  Plaintiff, furthermore, never explains why her counsel, who does not have a disability that is disclosed to the Court, was unable to comply with deadlines or to seek extensions.

While "our system favors the disposition of cases on the merits" and "dismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success," Trakas, 759 F.2d at 186–87, Harris has received accommodation after accommodation over eight months yet has repeatedly ignored discovery requests and this Court's Orders.  More leniencies may be afforded in deserving circumstances, but in an Order issued just two months ago, the Court denied Plaintiff's request for such leniencies because she had failed to prove her disability or explain why her counsel had missed deadlines, even if she was incapacitated.  See Order of Nov. 20, 2024, at 2–3.  In her most recent filing, Harris still did not explain her counsel's apparent negligence or produce evidence beyond her counsel's representations that her "current mental health treatment" and "emotional breakdown through direct communication with counsel on September 5" qualify her as disabled.  See Opp. at 4.  Dismissal is thus appropriate.  See, e.g., Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 640–41 (1976) (affirming trial court's dismissal where "crucial interrogatories remained substantially unanswered despite numerous extensions").

## III.   Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss.  A separate Order to that effect will issue this day.

                                              /s/ James E. Boasberg
                                              JAMES E. BOASBERG
                                              Chief Judge

Date:  January 24, 2025